**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 16 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUDITH NEWMAN, as Personal Representative of the Estate of Karlye Newman, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> UNITED FIRE & CASUALTY COMPANY, <br><br> Defendant-Appellant. | No.  14-35103 <br><br> D.C. No. 9:13-cv-00047-DLC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted July 8, 2016[**]
Seattle, Washington

Before: TASHIMA and M. SMITH, Circuit Judges, and KOBAYASHI,[***] District Judge.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

Defendant-Appellant United Fire & Casualty Co. ("United Fire") appeals the award of summary judgment in favor of Plaintiff-Appellee Judith Newman, as Personal Representative of the Estate of Karlye Newman ("Newman"), in an insurance-coverage action. First, we hold that Montana law applies pursuant to Mitchell v. State Farm Insurance Co., 68 P.3d 703 (Mont. 2003), and Mont. Code Ann. § 28-3-102.

Second, we recognize that the endorsement in the commercial general liability policy titled "LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT" and the similar endorsement in the umbrella policy (collectively, "the Premises Endorsements" and "the Policies") could be interpreted as limiting coverage to occurrences tied to National Contract Services' ("National Contract") St. George, Utah, premises. Such an interpretation, however, would be inconsistent with the Policies' definitions of the "coverage territory," which include, *inter alia*, all of the United States. Reading the Premises Endorsements in light of the Policies as a whole, we hold that the endorsements are reasonably susceptible to two different interpretations, and therefore are ambiguous. See Westchester Surplus Lines Ins. Co. v. Keller Transp., Inc., 365 P.3d 465, 470 (Mont. 2016). Montana law construes ambiguous provisions "against the insurer

2

and in favor of extending coverage." Id.  We therefore reject United Fire's argument that the Premises Endorsements limit coverage to incidents that occurred on the St. George premises.  Because the Premises Endorsements purport to cover claims "arising out of . . . the use of" the St. George premises, they are sufficiently capacious to include coverage for bodily injury in Montana that flows from or grows out of the use of the St. George premises. See State Farm Mut. Auto. Ins. Co. v. Ferrin, 54 P.3d 21, 23 (Mont. 2002) (holding that "the phrase 'arising out of the use' is ambiguous," and interpreting it as "originat[ing] from, or grow[ing] out of, or flow[ing] from"). Thus, United Fire had a duty to defend National Contract in the underlying action.

Third, because United Fire unjustifiably refused to defend National Contract, we hold that it is liable for the full amount of Newman's judgment against National Contract, including amounts in excess of the Policies' limits.  See Tidyman's Mgmt. Servs., Inc. v. Davis, 330 P.3d 1139, 1149 (Mont. 2014).  Finally, we hold that the district court awarded the correct rate of post-judgment interest provided in Mont. Code Ann. § 25-9-205(1).  AFFIRMED.

*Newman v. United Fire & Casualty Co.*, No. 14-35103

TASHIMA, Circuit Judge, dissenting:

Although I agree with the majority's conclusion that Montana law applies, I disagree that United Fire had a duty to defend its insured, National Contract Services. In arriving at its duty-to-defend conclusion, the majority reasons that the Premises Endorsement may be construed in favor of coverage. The Premises Endorsement, which modifies the Policies, limits coverage to a specified physical location: National Contract's 12,000 square foot office in St. George, Utah. Given this limitation, the majority's interpretation of the Premises Endorsement relies on a number faulty premises and conclusions. I therefore dissent.

**1.** The underlying complaint does not mention St. George, Utah. *See Tidyman's Mgmt. Servs. Inc. v. Davis*, 330 P.3d 1139, 1149 (Mont. 2014) ("The duty to defend arises when a complaint against an insured alleges facts which, if proved, would result in coverage."). It alleges that National Contract is a citizen of Nevada and Montana. It also alleges that National Contract negligently provided program materials and services, leading to the bodily injury in Sanders County, Montana. But nowhere does the complaint allege that National Contract committed these negligent acts – or otherwise conducted any business connected with the underlying incident – in St. George, or even Utah.

**2.** The majority concludes that the Policies cannot be read as limiting

coverage to occurrences tied to the St. George premises, because that would "be inconsistent with the Policies' definition of the 'coverage territory,' which includes, inter alia, all of the United States." But this reasoning overlooks that the Premises Endorsement specifically provides that [t]his endorsement *modifies* the insurance provided under" the Policies, by narrowing the originally broad grant of coverage. Thus, by its plain and unambiguous terms, the Premises Endorsement is designed to override and narrow the geographic coverage provided by the Policies.

3.     Finally, interpreting the Policies to require coverage under the allegations of the underlying complaint renders the Premises Endorsement superfluous. An insurance policy must be read "as a whole . . . to give each [part] meaning and effect." *Newbury v. State Farm Fire & Cas. Ins. Co. of Bloomington, Ill.*, 184 P.3d 1021, 1025 (Mont. 2008). The district court reasoned that the underlying complaint concerning events in Montana triggered coverage because the Premises Endorsement covers "operations necessary or incidental to [the] premises," *i.e.*, National Contract's office in St. George. However, because the Endorsement is a modification to the general form Policies, it must, in some way, differ from the initial grant of coverage provided for by the Policies; otherwise, it serves no function – it is completely meaningless surplusage. By conflating the term "premises" with "business," the district court read the Premises Endorsement

2

as covering any damages arising from National Contract's business. This reading is effectively coextensive with the initial, limitless grant of coverage before that coverage was limited by the Premises Endorsement: damages caused by an occurrence anywhere in the United States, for which National Contract is responsible.

•  ●  •

Because the underlying complaint cannot be read to trigger coverage under the Policies, as modified by the Premises Endorsement, I respectfully dissent.